# FIRST DEPARTMENT,

### AT

## GENERAL TERM,

## 𝔐𝔞𝔯𝔠𝔥, 1887.

[ 43  537
  91  178 ]

THE PEOPLE OF THE STATE OF NEW YORK, EX REL. KATE STANLEY, RESPONDENT, *v.* GEORGE W. VAN SICLEN AND OTHERS, AS TRUSTEES OF COMMON SCHOOLS, ETC., APPELLANTS.

*By-laws of a board of education, which conflict with subsequent legislation, are repealed by it — 1884, chap. 248 — a teacher unlawfully removed may apply for a mandamus to be permitted to discharge her duty.*

Section 1 of chapter 248 of 1884 provides, among other things, that " the colored schools in the city of New York, now existing and in operation, shall hereafter be classed and known and be continued as ward schools and primaries, *with their present teachers, unless such teachers are removed in the manner provided by law.*" The relator, who was, at the time of the passage of the act, an assistant teacher in a colored school, was thereafter removed by the trustees of common schools for the ward in which the school was situated, upon the ground that under the by-laws of the board of education the relator could not be employed as an assistant teacher in the grammar department of the school after the passage of the act, as there was then in that department two teachers who were senior to her in rank, and the average attendance of pupils would not, under the by-laws of the board, justify the employment of another teacher.

*Held,* that as it was conceded that the relator had not been removed in the manner provided by the act, her removal was unlawful.

That as the intention of the legislature to retain the teachers in the colored schools, unless removed in the manner provided by law, was clearly expressed in the act, it necessarily repealed any by-law of the board of education, or any

**538** PEOPLE ex rel. STANLEY *v.* VAN SICLEN.

First Department, March Term, 1887.

rule of government or *modus operandi* by which the school's officers, without the removal required, could dispense with the services of the teacher.

That the relator was entitled to apply for a writ of *mandamus* to compel the respondents to recognize the relator and permit her to perform her duty as a teacher.

That the fact that the relator had sought employment as an additional teacher, and accepted payment as such, did not involve or amount to a resignation, or prevent her from applying for the writ.

*The People ex rel. Gilchrist* v. *Murray* (73 N. Y., 535) followed.

Appeal from an order of the Special Term, granting a peremptory writ of *mandamus*, requiring the appellants to recognize the relator as a teacher in ward school No 81, and to permit her to preform her duty as such teacher, and to deliver to her such books and papers, in their possession or under their control, as may be necessary to enable her to perform her duty as such teacher.

*R. G. Beardslee*, for the appellants.

*N. J. Waterbury*, for the respondent.

Brady, J. :

Prior to the passage of the act of the legislature on May 5, 1884 (chap. 248), the relator was an assistant teacher in colored school No. 4, which was located in the sixteenth ward. She was appointed by the board of education, which then had sole jurisdiction of the school, and which was therefore not subject to the by-laws and regulations applicable to ward schools. The act mentioned changed the status of this school as appears from its provisions which are as follows :

Section 1. The colored schools in the city of New York, now existing and in operation, shall hereafter be classed and known and be continued as ward schools and primaries, with their present teachers, unless such teachers are removed in the manner provided by law, and such schools shall be under the control and management of the school officers of the respective wards in which they are located in the same manner and to the same extent as other ward schools, and shall be open for the education of pupils for whom admission is sought, without regard to race or color.

Sec. 2. All acts or parts of acts inconsistent with the provisions of this act are hereby repealed.

Sec. 3. This act shall take effect immediately.

PEOPLE ex rel. STANLEY v. VAN SICLEN. 539.

First Department, March Term, 1887.

In pursuance of this law, No. 4 became a ward school designated No. 81, and subject to the control and management of the school officers in the ward in which it is located and opened for the education of pupils, without regard to race or color. The relator was not removed in the manner provided by law, but shut out by a circuitous mode deemed justifiable and necessary under the act as understood by the authorities in power. It was that, inasmuch as under the by-laws of the board of education, the relator could not be employed as an assistant teacher in the grammar department of the school after the passage of the act, there being then in that department two teachers who were senior to her in rank, and the average attendance of pupils not justifying another teacher according to such by-laws, she could not longer be continued as a teacher. If this circumlocution be sustained, then the act is overridden, inasmuch as the relator and others of her class were by it continued in office until removed in the manner provided by law. This is not a removal in the mode suggested, and it is not pretended that it was. Whether there would be employment for the teachers embraced in the provisions of the act in the schools thus changed in status does not seem to have been doubted. Indeed, it is quite apparent that the change contemplated was one only of jurisdiction and exclusiveness, the distinction of color being abolished. In other words, the schools were to be kept intact in organization, but placed under the control of ward school officers, to which pupils of all races and color should be admitted and taught. But if this were not the design of the act, and the school *eo nomine* was to be transposed and transformed, the intention was clearly expressed to retain the teachers unless removed in the manner provided by law, and this provision necessarily repealed any by-law of the board of education, or any rule of government, or *modus operandi* by which the school officers, without the removal required, could dispense with the services of the teacher. It does not make the least difference in the effect of the statute that there was no class for the relator according to existing rules, inasmuch as the pupils could, if necessary, be distributed, and more classes created. But this is not a question of classes, but of power to dispense with services continued by law. We are dealing now with a statute which is mandatory, and not subject to whim, caprice or prejudice. The act declares not only that colored

540    PEOPLE ex rel. STANLEY v. VAN SICLEN.

First Department, March Term, 1887.

schools shall be classed and known and *continued* as ward schools, and primaries, but with *their present teachers* unless removed. It is thus said to the ward school officers, these schools are to be transformed and placed under your control, but with their present teachers, and the direction is so plain that he who runs may read and read correctly. This feature shows, as already suggested, that the design of the legislature was only to change, and not to destroy existing elements. We must, therefore, look through the record to see whether there be any other reason why the relator should be deprived of her position. We find none. The relator sought employment, it is true, as an additional teacher, and accepted payment as such, but this did not involve or amount to a resignation, or create an estoppel. She could properly seek other employment, the only effect being to diminish her claim against the city by deducting the sum received as compensation. It was, as declared and established by the case of *The People ex rel. Gilchrist* v. *Murray* (73 N. Y., 535), in no way inconsistent with her claim that, while excluded from her position, she should seek other employment. The views of the learned justice in the court below on this subject are sustained.

This is not a proceeding to collect the salary that may be due the relator. It is to require the respondents to recognize her, and permit her to perform her duty as a teacher. She prefers to perform that labor, and there is no reason valid in law why she should not be permitted to do so. The statute has declared that she might do so. She is not seeking here to establish her title, therefore, to an office or position, but to overcome her removal from one which it is conceded she legally held, and from which it appears she was illegally discharged. If after her recognition she should seek payment, her right to a similar remedy might form the basis of dispute. Doubtless she could maintain an action now to recover her salary, but she prefers to invoke the authority by which she may be reinstated and allowed to do her duty. The attainment of this result may be accomplished without action. As said by the learned justice in the court below, as this court has already decided it to be the duty of the respondents to recognize the relator, and to permit her to perform her duty as a teacher ( *People ex rel. Ray* v. *Davenport;* Lawrence. J.), a writ

of *mandamus* is the proper remedy, as such a result cannot be obtained by action. For these reasons the order appealed from should be affirmed, with ten dollars costs and disbursements of the appeal.

DANIELS and BARTLETT, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.