[Civ. No. 3486. First Appellate District, Division Two.—July 6, 1920.]

WALTER J. PETERSEN, Petitioner, v. F. F. MORSE, as Commissioner of Public Health and Safety, etc., et al., Respondents.

[1] MANDAMUS—SUBSEQUENT PROCEEDING INVOLVING SAME QUESTIONS —JURISDICTION.—No respondent in a *mandamus* proceeding may be permitted to oust jurisdiction of the court in which that proceeding is pending by commencing another proceeding involving the same questions in a court of equal or inferior jurisdiction.

[2] ID.—DISCHARGE OF CAPTAIN OF INSPECTORS—REINSTATEMENT BY CIVIL SERVICE BOARD—DISREGARD OF ORDER BY COMMISSIONER— CERTIORARI.—In a proceeding in *mandamus*, before the district court of appeal, to compel the commissioner of public health and safety of the city of Oakland and said city to restore petitioner to his status as captain of inspectors, as ordered by the civil service board of that city, the respondents, having been ordered to show cause before that court why the order of the civil service board should not be obeyed, have the right, and it is their duty, to present to that court any excuse they may have for their disregard of the order of the civil service board; and said commissioner cannot oust that court of jurisdiction to determine the matter by commencing a proceeding in the superior court to review the action of said civil service board in making such order.

[3] ID.—REASONS FOR DISCHARGE—REVIEW BY CIVIL SERVICE COMMISSION—ILLEGALITY OF LEAVE OF ABSENCE—INSUFFICIENT DEFENSE. In such proceeding, it cannot be contended as a defense thereto that the petitioner, long prior to his formal discharge as captain of inspectors, was granted leave of absence in order that he might become the chief of police, and that the leave of absence granted him was in violation of the terms of the city charter, where, by the very terms of the discharge, the petitioner was occupying the position of captain of inspectors at the time of the discharge, and such contention was not among the specific reasons assigned for the discharge, the propriety of which the civil service board was required to adjudicate.

[4] ID.—TITLE TO OFFICE—HOW TRIED.—Title to office cannot be tried by *mandamus*, the proper proceeding being by *quo warranto*.

[5] ID.—REVIEW OF ORDER OF CIVIL SERVICE BOARD—MATTERS CONSIDERED.—Where, on an appeal to the civil service board of the

2. *Mandamus* to restore to office one who has been illegally removed, notes, 12 Ann. Cas. 14; Ann. Cas. 1912A, 930; 19 L. R. A. (N. S.) 49.

city of Oakland in accordance with the provisions of section 82 of the charter of that city, the order of that board directing the reinstatement of petitioner to his status as captain of inspectors was correct and a valid exercise of the power vested in it to determine finally the particular matter before it, the validity of such order cannot be· questioned in another proceeding based upon it for matters not submitted to, nor adjudicated by, that board, but the court must confine itself to the matters before that board and considered by it.

PROCEEDING in Mandamus to compel the reinstatement of petitioner as captain of inspectors of the city of Oakland. Peremptory writ issued.

The facts are stated in the opinion of the court.

Burton J. Wyman and Cedric W. Petersen for Petitioner.

H. L. Hagan, City Attorney, John Jewett Earle, Assistant City Attorney, and Peter J. Crosby for Respondents.

BRITTAIN, J.—The proceeding is for mandate. The petitioner alleged that while exercising the functions of captain of inspectors of the bureau of criminal investigation of the police department of ·the city of Oakland, he was discharged by the written order of the respondent Morse on March 19, 1920. The address and signature being omitted, the order was as follows: ''You are hereby discharged and removed from the position of Captain of Inspectors of the Oakland Police Department of the City of Oakland, for misconduct, incompetency, failure to perform your duties and under and observe the rules and regulations of the Police Department and pertaining to your office. This order shall be effective forthwith.''

By section 82 of· the charter of the city of Oakland it is provided that ''Any person suspended, fined or discharged . . . may within five days from the making of the order . . . discharging him . . . appeal therefrom to the Civil Service Board, which shall fully hear and determine the matter. The accused shall be entitled to appear personally, and to have counsel and a public hearing. The finding and decision of the Board shall be certified to the official from

whose order the appeal is taken, and shall forthwith be enforced and followed by him.''

Within the time limited the petitioner filed his appeal from the order of discharge, and the appeal coming regularly on to be heard, a resolution on · which the petitioner relies was adopted, reading as follows:

"Resolution No. 4693.

"The time having arrived for the hearing of the appeal of Walter J. Petersen, appealing from the order of discharge made by Commissioner of Public Health and Safety, F. F. Morse, discharging him from the position of Captain of Inspectors, Police Department, the Board proceeded with the hearing.

"Attorneys H. L. Hagen and Earl Warren appeared on behalf of F. F. Morse, Commissioner of Public Health and Safety.

"Attorneys B. J. Wyman and C. W. Petersen appeared on behalf of Walter J. Petersen, the appellant.

"The following witnesses were sworn and testified on behalf of the commissioner of Public Health and Safety: F. G. Thompson, W. F. Kyle, J. L. Lynch, V. J. Coley, Alexander Trotter, Jas. T. Drew, B. A. Wallman, and Chas. F. Nightingale.

"No witnesses were sworn and no testimony was offered on behalf of the appellant, and the case was submitted without argument.

"The Board, after hearing all the evidence in the matter, finds:

"That, the evidence submitted on behalf of the Commissioner of Public Health and Safety does not substantiate the charges of misconduct, incompetency, or failure to perform the duties and observe the rules and regulations of the Police Department:

"Therefore, be it

"Resolved: That, the decision of this Board is that the appeal of Walter J. Petersen, appealing from the order of discharge made by Commissioner of Public Health and Safety F. F. Morse, discharging him from the office of Captain of Inspectors, Police Department, on March 19, 1920, be and the same is hereby sustained, and that said appellant be ·forthwith restored to his Civil Service position of Cap-

tain of Inspectors in the Oakland Police Department, and be it

"Further Resolved: That, the secretary be and he is hereby directed to certify to the Commissioner of Public Health and Safety, the findings and decision of the Board in this matter."

On April 7, 1920, the secretary of the civil service board addressed a communication to the respondent Morse, as commissioner of public health and safety, reading as follows: "Please be advised that on April 6, 1920, the Civil Service Board sustained the appeal of Walter J. Petersen, appealing from your order of discharge, discharging him from the position of Captain of Inspectors on March 19, 1920. The action of the Board restores said Walter J. Petersen to his Civil Service position of Captain of Inspectors in the Oakland Police Department." The same notice was addressed to J. F. Lynch, chief of police of Oakland, and copies of the resolution and notices were delivered to Morse and Lynch. On the same day the petitioner delivered to respondent Morse as commissioner a writing addressed to him and signed by the petitioner reading as follows: "Pursuant to an order dated April 7, 1920, made by the Civil Service Board of this City, restoring me to the position of Captain of Inspectors in the Oakland Police Department, I respectfully report to you that I have this day reported for duty in compliance with said order." Thereupon the petitioner reported to the chief of police for duty. Lynch informed the petitioner that the respondent refused to acknowledge or to be governed by the resolution or decision of the civil service board, that he had directed him as the chief of police to ignore the same, and to refuse to acknowledge the petitioner as captain of inspectors, which order of the commissioner was in writing signed by him and addressed to the chief of police, dated April 7, 1920. It was as follows:

"Captain Walter J. Petersen came to this office this morning and requested me to reinstate him in his former position as Captain of Inspectors. I informed Captain Petersen that I was giving the matter careful consideration and would take such action in the premises as I believed to be proper.

"This is to inform you that Captain Drew shall continue in the work as Captain of Inspectors until further orders from this office. Statements have been made also that Captain Petersen declared that he would take charge of his office without instructions. These orders to you are clear and explicit. As Chief of Police you will tolerate no interference whatsoever from Captain Petersen or any one else in the execution of orders regularly issued in your department.

"I may further say to you that I cannot return a discharged Captain of Inspectors to his former position after a dismissal based upon uncontradicted facts until a court decision requires me to take such action.

"Accordingly I have instructed the City Attorney to prepare papers and present the entire matter to the Superior Court for the purpose of obtaining a court-judgment in the matter."

Under the same date Lynch, as chief of police, delivered to the petitioner a writing addressed to the petitioner reading as follows:

"In view of the following received this day from Commissioner F. F. Morse, I respectfully request that you refrain from assuming charge in the Police Department as Captain of Inspectors:

" 'This is to inform you that Captain Drew shall continue in the work as Captain of Inspectors until further orders from this office. Statements have been made also that Captain Peterson declared that he would take charge of his office without instructions. These orders to you are clear and explicit. As Chief of Police you will tolerate no interference whatsoever from Captain Petersen or any one else in the execution of orders regularly issued in your Department.'

"Therefore, kindly be governed accordingly."

Upon the petition setting forth the foregoing facts this court issued its order directing the respondents to show cause, if any existed, on May 10, 1920, why the peremptory writ of mandate should not issue to require obedience to the resolution of the civil service board in terms reinstating the petitioner to the office of captain of inspectors. After the issuance and service of the order of this court the respondent Morse commenced a proceeding in the superior court in

Alameda County to review the action of the civil service board in making the order under consideration in this proceeding. In the answer of the respondents filed here the fact of the pendency of the *certiorari* proceeding in the superior court is relied upon to prevent this court from proceeding to the determination of the present *mandamus* proceeding. [1] No respondent in a *mandamus* proceeding may be permitted to oust jurisdiction of the court in which that proceeding is pending by commencing another proceeding involving the same questions in a court of equal or inferior jurisdiction. [2] The respondents, having been ordered to show cause to this court why the order of the civil service board should not be obeyed, had the right, and it was their duty, to present to this court any excuse they may have had for their disregard of the order of the civil service board.

[3] In addition to their reliance upon the pendency of the *certiorari* proceedings, which cannot be considered as defensive matter, they also relied upon certain contentions based on provisions of the charter of the city of Oakland in regard to leaves of absence which may be granted to civil service employees of the municipality generally and to civil service members of the police department specifically, and alleged that the petitioner, long prior to his formal discharge as captain of inspectors on March 19, 1920, was granted leave of absence in order that he might become the chief of police of the city of Oakland, and that the leave of absence granted him was in violation of the terms of the charter; wherefore, it is argued that the civil service board on the appeal from the discharge for specific reasons, none of which had anything to do with this contention, was without power to order the petitioner to be reinstated to the position he held at the time of the discharge. In the present proceeding this contention is without force. By the very terms of the discharge the petitioner was occupying the position of captain of inspectors at the time of the discharge. The propriety of that discharge for the reason stated was the sole question presented under section 82 of the charter for the adjudication of the civil service board. Upon the case thus made the civil service board had the power to make its order requiring the reinstatement of the petitioner.

48 Cal. App.—28

to the position from which he had been wrongfully. discharged.

Out of an abundance of caution and because of the assertions made on behalf of the respondents that the evidence submitted by Morse on the appeal to the civil service board not only did not sustain its conclusions, but showed a complete lack of the exercise of the discretion vested in the commission by the charter, an order was made by this court under which the record of the evidence submitted to the board by the respondent Morse in support of his discharge was filed in this proceeding. It has been carefully examined and the conclusions reached by the civil service board have the approval of this court. The evidence adduced was of such a flimsy character as to require no refutation. The civil service board upon the concrete case submitted to it could not properly have reached any determination than that the discharge of the petitioner for the reasons given by Morse was wholly unwarranted.

The respondents refused to obey the order made in the exercise of the power vested in the civil service board under section 82. They seek to justify their disobedience of the lawful order of the board by contending here that the petitioner was not holding the position from which he was wrongfully discharged. On this proceeding they cannot try title to the office of captain of inspectors based on facts which did not enter into consideration of the appeal from the order of discharge. [4] It is a well-settled rule that title to office cannot be tried by *mandamus*. It may be used for the purpose of putting a claimant in a position to assert his right when without that he could not do so. (*People* v. *Olds*, 3 Cal. 175, [58 Am. Dec. 398].) The proper proceeding to try title to the office is by the legal action of *quo warranto*. When the writ is invoked to enforce a specific duty, aid will not be refused merely because occupancy or incumbency or title is incidentally involved. The court will act under such circumstances as does equity, and inquire into and determine rights so far as, but no further than, may be necessary to the granting of the relief sought. . . . For it once being established that the respondent is a *de facto* officer, as the law, for grave reasons of public policy, holds valid the acts of such an officer, the question of legal title, which alone is sought to be litigated, will be relegated

to another forum." (*Morton* v. *Broderick,* 118 Cal. 481, [50 Pac. 646].) The very wording of the discharge in this case constituted an admission of record that the petitioner was at least a *de facto* captain of inspectors, and for that reason the question of legal title, which alone is sought to be litigated by the special defense in this proceeding, must be relegated to another forum. The defense based on the claimed illegality of a prior leave of absence, therefore, ought not to be considered on this proceeding.

[5] The respondents further allege that while exercising the functions of chief of police, the petitioner was discharged from that office by an order of the city council. Neither the actions of the petitioner as chief of police nor of the city council in relation thereto have any bearing upon the present controversy, which involves only the question of whether or not the order of the civil service board directing the petitioner to be reinstated to the office of captain of inspectors, from which he was discharged, was such as a matter of law commanded obedience on the part of the respondents. If the petitioner had been discharged because of any action of his, or any action of the city council, or because he was illegally holding the office of captain of inspectors, and he had appealed to the civil service board, that tribunal in the first instance, under the charter, would have been compelled to examine into those matters. If such an appeal had been sustained and the respondents had refused to obey the order of the civil service board upon *mandamus,* those matters might have been presented as matters of defense and upon a proper showing would have been considered, but it requires no citation of authority to demonstrate that if those questions alone had been considered by the civil service board on the appeal, the disobedient respondents would have been concluded by the judgment on the appeal, and could not in response to the petition for mandate have argued that the petitioner should have been discharged for the grounds upon which his discharge in this case was based. So in this case the court is concerned only with the respondents' admitted disobedience of the order of the civil service board and will consider only the matters involved in the adjudication of the civil service board. The evidence introduced on behalf of the respondents on the appeal was insufficient to sustain the discharge. The order was a correct

and valid exercise of the power vested in the civil service board to determine finally the particular matter before it. It was in effect a judgment, and nothing is better settled than that a judgment valid on its face is binding on the parties to it until set aside by a direct attack. Its validity cannot be questioned in another proceeding based upon it for matters not submitted to, nor adjudicated by, the tribunal which rendered the judgment. To permit such an attack to be made would be at variance with the whole law in regard to collateral attacks upon judgments. In determining the validity of that order, the court must confine itself to the matters before that tribunal and considered by it. Unless in such a proceeding as this this rule were adopted the door would be open to interminable contentions in regard to matters which would frequently have more of the character of political than of legal controversies.

On the record here and the showing made on behalf of the respondents, it appears that under the charter on the certification of the findings of the civil service board on the appeal, the law enjoined the duty upon the respondent Morse as commissioner and upon the respondent municipality to restore the petitioner to his status as captain of inspectors at the time of the discharge. If for reasons other than those involved in the discharge and appeal he is illegally holding that office, his title to the office must be determined in some other proceeding.

Let the peremptory writ of mandate issue as prayed.

Langdon, P. J., concurred.

NOURSE, J., Dissenting.—I dissent. Mandate will issue against a public officer "to compel the performance of an act which the law specially enjoins, as a duty resulting from an office." (Code Civ. Proc., sec. 1085.) It is not the duty of a public officer to admit to a subordinate public office one who has no right to occupy such office. Under the terms of the Oakland charter the petitioner, by taking an indefinite leave of absence from his civil service position of captain of inspectors of the police department and by accepting the incompatible position of chief of police, relinquished his civil service standing in the former position. The office of captain of inspectors is governed by the civil

service provisions of the charter. It is filled by examination, certification, and promotion. The office of chief of police is noncivil service. That one person cannot occupy both offices goes without question. That petitioner could not occupy one and keep a string on the other is equally clear, because the charter specifically limits the period of leaves of absence from the civil service positions and defines the purposes for which they may be granted. When petitioner accepted the position of chief of police the office of captain of inspectors became vacant and should have been filled by the one whose civil service standing entitled him to the appointment. Such person, whoever he may be, still has the legal right to such office. It is alleged in the petition, and not controverted, that another now occupies such office, and it is to be presumed that he is the one who is legally entitled to possession.

The situation is not changed by the action of the city officials in recognizing petitioner as captain of inspectors after he returned to that office. Estoppel does not run against the city in a case of this kind. That is to say, none of the city officials could defeat the plain provisions of the charter merely by failing to object to the unlawful occupancy of the office by petitioner or by recognizing him for a time as such.

Such being the case, the special defense interposed by respondents to the effect that petitioner was not entitled to be restored because he had voluntarily relinquished his civil service standing demands a denial of the writ prayed for.

The effect of the majority opinion is that when a petitioner seeks mandate against a public official, assigning certain reasons why he has been denied the right which he claims, such official may defend only upon such grounds as are laid out for him by the petitioner. With this rule I do not agree.

In this case no duty rests upon respondents to admit petitioner to the office of captain of inspectors unless he is entitled to occupy it. If his title is disputed and that cannot be tried by *mandamus*, then he, too, should proceed by *quo warranto*, as the majority opinion holds must be done by one who questions that title. If the question of title is merely incidental to the relief sought, then it may be tried in this case. (*Bannerman* v. *Boyle*, 160 Cal. 197, 203, [116

Pac. 732].) Petitioner has put his title in issue. Respondents have controverted it. The facts are undisputed and the law is not questioned. The petition should be denied.

A petition for a rehearing of this cause was denied by the district court of appeal on July 26, 1920, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 2, 1920.

All the Justices concurred except Shaw, J., Wilbur, J., and Sloane, J., who were absent.