[Civ. No. 6848. Fourth Dist. Oct. 16, 1962.]

THE HOUSING AUTHORITY OF THE CITY OF NEEDLES et al., Plaintiffs and Respondents, v. CITY COUNCIL OF THE CITY OF NEEDLES et al., Defendants and Appellants.

Harold Payne for Defendants and Appellants.

King & Mussell and C. L. Vineyard for Plaintiffs and Respondents.

BROWN, J.*—This is an appeal from a judgment and order for the issuance of a peremptory writ of mandamus in favor of petitioners and respondents (hereinafter referred to as petitioners).

McReynolds and Duke, petitioners, were reappointed to the Housing Authority of the City of Needles as commissioners on June 3, 1957, for terms of four years, and petitioner Brewer was appointed on July 17, 1957, and again appointed in June 1959, for a term of four years. On June 8, 1960, the city council passed a resolution purporting to abolish the Housing Authority of the City of Needles, apparently relying on a section of the Needles charter, and on learning of the existence of section 34282 of the Health and Safety Code, the city council rescinded their action. On July 27, 1960, another resolution was passed, proposing to remove petitioners from their offices as commissioners on the grounds that (1) said members were improperly and unjustly biased and prejudiced in matters of tenant selection; (2) said members were unduly and improperly absent from meetings of the board; and (3) said members have failed to have reports rendered to the

---

*Assigned by Chairman of Judicial Council.

state properly signed by a city official as required by the State Housing Authority, all of which amounts to misconduct and inefficiency in office.

On August 9, 1961, the city council met, two councilmen being absent. A hearing was held under section 902 of the Needles charter which hearing was reported by an official court reporter. The witnesses at the hearing were the city manager, the city attorney, the mayor, and McReynolds and Duke, commissioners. The council acted as judge, jury and prosecutor in this matter. The meeting was adjourned to August 12th when the city council adopted and passed a resolution dismissing petitioners as commissioners. There are no rival claimants.

On October 11, 1960, said petitioners filed a petition for writ of mandate commanding the city council and its councilmen to reinstate them as commissioners on the Housing Authority of the City of Needles. An alternative writ of mandamus was issued and the city filed an answer to the petition, denying that it had no just cause for dismissal of petitioners. The matter was set for hearing on November 7, 1960. Petitioners were present at the hearing which was submitted without testimony but with exhibits; respondents and appellants were not present personally or by counsel, but did submit points and authorities. A memorandum opinion by the court was filed on February 23, 1961, issuing a writ, and a minute order was made in accordance therewith on February 21st. On March 17th appellants filed a notice of motion for new trial, which was denied on April 13th. On May 11, 1961, appellants filed a notice of appeal from the judgment and order for the issuance of peremptory writ of mandamus.

Thereafter, on June 20, 1961, the judge signed his findings of fact and conclusions of law and the judgment ordering that the writ be issued, requiring appellants to set aside the order or decision to discharge the commissioners. These findings were that the written charges provided to the commissioners were vague, indefinite and general to such an extent that notice of the charges proposed against the commissioners was inadequate and that there was no substantial evidence to support the charges against the commissioners.

Appellants claim that the findings of fact and conclusions of law and judgment that were signed and filed on June 20th are of no effect and are void because jurisdiction was lost after the filing of the notice of appeal, referring to

rule 1 of California Rules of Court.* However, rule 2**
provides that the notice of appeal shall be filed within 60 days
of the date of entry of judgment unless the time is extended
by rule 3† and that the date of entry of a judgment shall be
the date of its entry in the judgment book. Rule 2(c)‡ covers
premature notices. In this case the notice of appeal was filed
prior to entry of the judgment but after its rendition and
shall be valid and be deemed to have been filed immediately
after entry. A notice of appeal prior to rendition of the judg-
ment but after the judge has announced his intended ruling
may, in the discretion of the reviewing court, for good cause
be treated as having been filed immediately after entry of
judgment (rule 2(c)). Therefore, the findings and judgment
are not void, and this court at its discretion does consider
this in spite of its being a premature appeal. Furthermore,
appellants' failing to be present in person or through their
attorneys at the superior court hearing, they cannot actually
complain about the lack of findings because findings were filed.
(Code Civ. Proc., § 632.)

■ As admitted by the pleadings, the terms of petitioners
McReynolds and Duke would have expired on June 3, 1961
(Health & Saf. Code, § 34272). Appellants claim that the
question is moot as to these two commissioners because their
terms have expired. However, Government Code section 1302
provides that an officer whose term has expired shall continue
the duties of his office until his successor has qualified, and
there is no mention in the Housing Authorities Law (Health
& Saf. Code, § 34200 et seq.) of terminating the office on the
date of its expiration. Therefore, these commissioners con-
tinue to hold office until the successors have qualified and
while appellants have had at all times since the expiration of
their terms of office the right to appoint their successors, there
is nothing in the record to indicate that this has been done.
Had this been done, the matter would be moot as to these two
commissioners, saving money to appellants, petitioners and
the State of California.

■ The appellants maintain that the writ of mandate is
not one of right and not appropriate and that the action of
quo warranto affords them the correct remedy.

---

*Formerly Rules on Appeal, rule 1.
**Formerly Rules on Appeal, rule 2.
†Formerly Rules on Appeal, rule 3.
‡Formerly Rules on Appeal, rule 2(c).

Code of Civil Procedure section 803 provides for quo warranto proceedings to be brought by the Attorney General against persons who usurp, intrude or unlawfully hold or exercise any public office, and section 811 provides that the action may be maintained by the board of supervisors or the legislative body of any municipal corporation. ▮ In other words, this is the remedy for determination of title to office, and usually where there is more than one person claiming the office.

In *Barendt* v. *McCarthy*, 160 Cal. 680, 683-684 [118 P. 228], the court said: "The jurisdiction to determine the title to a public office belongs exclusively to the courts of law, and is exercised either by *certiorari*, error or appeal, or by *mandamus*, prohibition, *quo warranto*, or information in the nature of a writ of *quo warranto*, according to the circumstances of the case, and the mode of procedure established by common law or by statute."

The court said in *Petersen* v. *Morse*, 48 Cal.App. 428, 434 [192 P. 51] : ". . . title to office cannot be tried by *mandamus*. . . . The proper proceeding . . .is by the legal action of *quo warranto*."

And in *Stout* v. *Democratic County Central Committee*, 40 Cal.2d 91, 94 [251 P.2d 321], it was said: "Title to office may be incidentally determined in mandamus [citations] and discretion rests with the court to determine whether the title should be so determined. [Citations.] Generally, quo warranto is appropriate only where there is involved a public office in the sense that the incumbent exercises some of the sovereign powers of government. . . ."

In the *Stout* case, *supra*, the court did issue a writ of mandate because there were other questions involved and the title to the office was incidental to the main question.

The question we have here is whether title is involved in this office or whether this comes under section 1085 of the Code of Civil Procedure for which writs may be issued ". . . to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board or person."

Code of Civil Procedure section 1094.5 [subdivision (a)] provides for a writ of mandate to review administrative orders or decisions which have been made ". . . as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken and discretion in the determi-

nation of the facts is vested in the inferior tribunal, corporation, board or officer, . . ."

Section 34282 of the Health and Safety Code provides the grounds for removal of housing commissioners to be inefficiency, neglect of duty, or misconduct in office. Such action is not stated to be final by this section and therefore is reviewable. (See *Boyd* v. *Pendegast*, 57 Cal.App. 504 [207 P. 713].)

In *Lotts* v. *Board of Park Comrs.*, 13 Cal.App.2d 625, 634 [57 P.2d 215], certain city employees were removed from positions to which they had been regularly appointed and the court held that, ". . . the writ of *mandamus* will lie to compel the reinstatement to their positions of employees thus arbitrarily and illegally removed" and that, "Section 1085 of the Code of Civil Procedure is authority for resort to the writ of *mandamus* to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by a board, tribunal or officer."

In *Housing Authority* v. *Superior Court*, 35 Cal.2d 550 [219 P.2d 457], involving a writ of prohibition, the question was whether a certain contingent effect existed to warrant local application of state legislation, and the court said at page 558, ". . . the exercise of that narrow authority is an administrative act and not a legislative one."

In *Klose* v. *Superior Court*, 96 Cal.App.2d 913, 918 [217 P.2d 97], the court said: "The question of whether mandamus rather than quo warranto is the proper remedy where there is a dispute over whether a vacancy in office exists, is rather muddled in California. The courts have almost uniformly stated that mandamus cannot be used to try title to office, and then in a number of instances, have, in effect, tried title on the theory that title was only incidentally involved."

In *Welch* v. *Ware*, 161 Cal. 641 [119 P. 1080], there was a petition for a writ of mandate to require the auditor to pay the appellant his salary as fish and game warden. He had also been appointed by the board of supervisors as a fire warden. At the time of commencement of the action Welch, as fire, fish and game warden, had been removed by the board of supervisors without a hearing, under former Political Code section 4149b. The court held that he was entitled to a writ of mandate directing the auditor to pay his salary only as to his position as fish and game warden and not as to fire warden of $50 per month, and that the action of the supervisors in remov-

ing him from his office as fish and game warden was void and petitioner still held the office.

There is no doubt that the city council, while functioning pursuant to the Housing Authorities Law, is an agency of the state functioning under the law to fulfill state purposes. (*Housing Authority* v. *City of Los Angeles,* 38 Cal.2d 853 [243 P.2d 515] ; *Lockhart* v. *City of Bakersfield,* 123 Cal.App. 2d 728 [267 P.2d 871].)

In *People* v. *Olds,* 3 Cal. 167 [58 Am.Dec. 398], a writ of mandamus was requested by the plaintiff who claimed to be duly elected to the office of clerk of San Francisco and set forth the proceedings he had taken to qualify and obtain possession of the records of the defendant who was then acting as clerk of said city and county. The court held that mandamus was not the proper remedy.

In *Titus* v. *Lawndale School Dist.,* 157 Cal.App.2d 822 [322 P.2d 56] (hearing denied by Supreme Court), the appellant was the elected superintendent of schools and was removed by the school board without a hearing, though they did go through a form of filing charges, giving appellant 10 minutes to answer the charges. The court said at page 830:

"One of the commonest applications of mandamus is restoration of a school teacher to a position from which he or she has been wrongfully ousted. (See 23 Cal.Jur. § 100, p. 137; 32 Cal.Jur.2d § 23, p. 168.)"

And at page 831, the court said:

"That this is a proper case for mandamus follows from a consideration of the apposite authorities. Volume 34, American Jurisprudence, section 203, page 974: 'Since mandamus does not generally lie to determine mere contract rights, the writ will not be awarded to compel reinstatement of a schoolteacher who has been removed and whose relation to the school officers rests wholly in contract. But where the teacher by positive provision of law has a fixed tenure of office, or can be removed only in some prescribed manner, and where, consequently, the removal is not authorized, mandamus will issue, even though another teacher has been selected to fill the position. So, also, the remedy will lie to compel reinstatement of a teacher who has been removed in violation of statutory rights.' The language just quoted fairly reflects California law. The leading cases are *Kennedy* v. *Board of Education,* 82 Cal. 483 [22 P. 1042] ; *Saxton* v. *Board of Education,* 206

Cal. 758 [276 P. 998], and *Holbrook* v. *Board of Education, supra,* 37 Cal.2d 316 [231 P.2d 853]."

The court, in *Kennedy* v. *Board of Education,* 82 Cal. 483 [22 P. 1042], at page 491, stated:

"The writ of *mandamus* may issue in this state 'to compel the admission of a party to the use and enjoyment of a *right* or *office* to which he is entitled, and from which he is unlawfully precluded.' (Code Civ. Proc., § 1085.)"

In *Saxton* v. *Board of Education,* 206 Cal. 758, 766 [276 P. 998], the court said that, ". . . *mandamus* is the proper remedy to be invoked by a teacher, wrongfully dismissed from his position, and who holds it not under contract but by virtue of statutory authority."

In *People* v. *Van Siclen,* 50 N.Y. Sup. Ct. 537, the court said, "The object being to restore her to a right given her by law, mandamus is the proper remedy."

And in *Elevator Operators etc. Union* v. *Newman,* 30 Cal. 2d 799, 808 [186 P.2d 1], it was said:

"His claim was based, not on breach of contract, but on the theory that he had a right to reinstatement to the office. It is settled that mandamus does not lie when there is no cause of action for reinstatement to a position, but merely a claim for damages for breach of contract."

In the present case the housing authority was established by law as a public office and the incumbents thereof exercise some of the sovereign powers of the state, while employees of a city or housing authority as such do not exercise such powers.

The appellants claim that the scope of the jurisdiction is limited to determine whether there has been an abuse of discretion and the court has no power to try issues de novo. In appellants' notice to the clerk to prepare the papers on appeal we note that they request one of the exhibits, the transcript of the city council meeting held on August 9, 1960, which was made by the court reporter. In their motion for a new trial appellants constantly refer to the reporter's record and base their motion on the record and documents on file, including the reporter's transcript.

In the court's memorandum nothing is said about the trial being de novo (*Munns* v. *Stenman,* 152 Cal.App.2d 543 [314 P.2d 67]), and the scope of the court's jurisdiction is outlined and in particular it was to determine whether there was a fair trial, whether there was any abuse of discretion, and whether the findings of the city council are supported by the weight of substantial evidence (Code Civ, Proc.,

§ 1094.5). In its memorandum opinion the court stated that evidence failed to show fraudulent or arbitrary acts or abuse of discretion by the commissioners in the selection of tenants, that the evidence showed nothing more than the fact that some of the commissioners were absent and the failure to obtain signatures of city officials on state reports was not substantiated nor any proof of any service agreement being signed by the city or the housing authority.

From the testimony before the city council it appears that there were no signatures on the management service contract dated October 15, 1955. Health and Safety Code section 34314 is permissive and not mandatory.

Title 42 of United States Code Annotated, section 1415, subsection 7, covers contracts between the United States Government and local housing agencies.

 Appellants have a natural feeling that because under section 34272 of the Health and Safety Code the City of Needles appoints the commissioners of the housing authority, there is an implied cooperative agreement or understanding that because the city is a state agency and the housing authority is in the City of Needles, the citizens have a right to complain to city officials that qualified persons were excluded from occupancy of the low-rent housing facilities.

In *Housing Authority* v. *City of Los Angeles, supra,* 38 Cal.2d 853, at page 862, it is stated:

''Each functioning body, the city and the housing authority, is a separate body politic vested with specific duties and powers under the Housing Authorities Law and Housing Cooperation Law to effect a state objective. Neither is functioning independently of that state law. In pursuing the state objective each is governed by the state law and neither may exercise powers not vested or recognized by that law. The city and the housing authority function as administrative arms of the state in pursuing the state concern and effecting the legislative objective.''

Appellants feel slighted that the mayor was told that none of the activities of the housing authority was any concern of theirs and that the city council was not invited to attend joint meetings with the housing commissioners or be in on interviews with officials from the Public Housing Authority in San Francisco.

The legislative findings and declaration of policy with regard to housing authorities are outlined in section 34201 of

the Health and Safety Code. The financing of such projects has been made by the Public Housing Authority, an agency of the United States Government, and detailed reports as shown by the exhibits were regularly filed with the Public Housing Administration for the current years showing income, outgo, occupancy and many other details. The report for the year ending June 30, 1959, showed the liabilities of the Housing Authority to the United States Government of $430,000.

These housing authorities were set up on either a county or city basis and the Legislature provided for some local interest with respect to appointment of commissioners inasmuch as the city or county must adopt resolutions declaring the need for such an authority. (Health & Saf. Code, § 34270.)

From time to time the Public Housing Administration audits and reviews the reports of the housing agency and makes recommendations and advises the local agency of the changes in federal housing legislation as are shown by the exhibits on file in this matter.

 Appellants complain of the prejudicial selection of tenants but cite only one instance and we think that the selection of tenants is a matter of discretion with the housing authority so long as it is not arbitrary and unfair. There seems to be no reference to this matter in the examinations by the Public Housing Authority which regulates such details as to rent and collections as shown by the Public Housing Administration report of April 22, 1958, one of the exhibits.

Appellants complain of the absenteeism of petitioners during their period of office. At least one of the commissioners worked for the Santa Fe at Needles and was required to be away from time to time and according to the testimony of the city manager, Commissioner McReynolds was not absent at any meetings from June 1957 to the date of the hearing; Commissioner Brewer was absent once in 1960, once in 1959, three times in 1958, and four times in 1957, and she was reappointed by the City of Needles in June 1959. There is no evidence as to the number of times Commissioner Duke was absent from meetings.

Appellants state that the court will not substitute its own judgment for that of the administrative body. Government Code section 11523 states that mandate is the proper procedure as to administrative adjudications.

Here we have the question of substantial evidence. The court found that there was no substantial evidence as to the

charges; that they were vague, indefinite and that notice of the charges was inadequate. The court could look at the record to see if there was substantial evidence; if not, then grant the writ. Had the court heard the case de novo it might have reached a different finding of fact. (*Pranger* v. *Break,* 186 Cal.App.2d 551, 560 [9 Cal.Rptr. 293].)

We conclude that mandamus was the proper procedure through which petitioners may seek reinstatement to their offices, that the findings of the court below are well supported, and that there was no abuse of discretion on the part of that court.

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.

A petition for a rehearing was denied November 8, 1962.