[Civ. No. 14691. First Dist., Div. Two. May 28, 1951.]

T. TAKETA, Appellant, v. STATE BOARD OF EQUALIZATION, etc., et al., Respondents.

James T. Davis for Appellant.

Edmund G. Brown, Attorney General, and J. Albert Hutchinson, Deputy Attorney General, for Respondents.

SCHOTTKY, J. pro tem.—On May 9, 1949, petitioner and appellant filed a petition for writ of mandate in the superior court of Santa Clara to compel respondent State Board of Equalization to set aside its order of May, 1942, revoking certain off-sale alcoholic beverage licenses of petitioner and to restore said licenses. The trial court found that petitioner's action was not commenced within the time permitted by law and more particularly, section 343 of the Code of Civil Procedure and judgment was entered denying the writ of mandamus. This is an appeal by petitioner from said judgment.

The matter was submitted to the trial court upon a stipulated set of facts and before discussing the legal issues involved we shall summarize briefly the factual situation.

The respondent Board of Equalization issued to petitioner, a Japanese, for the fiscal year July 1, 1941 to June 30, 1942, two licenses authorizing the off-sale disposition of beer and wine and the off-sale disposition of distilled spirits in San Jose. On February 19, 1942, following the bombing of Pearl Harbor, an Executive Order of the President of the United States, subsequently ratified on March 21, 1942, by Act of Congress, required and directed the compulsory evacuation of persons of Japanese ancestry from the westerly half of California. The first compulsory evacuation order was issued on March 24, 1942, and pursuant thereto petitioner on or before March 28, 1942, was personally "removed" from the "Pacific Coast area" by order of the appropriate military authorities of the United States and was not permitted to return until January 1 or 2, 1945.

On February 27, 1942, the State Board of Equalization adopted a resolution reciting, among other things, that "the holding of liquor licenses by any person not loyal to the United States constitutes a threat to the national safety" and that all such licenses "held by Japanese enemy aliens, or by Japanese Americans, be revoked, it being determined by the Board that the continuance of such licenses would be contrary to the public welfare." All District Liquor Control Administrators were instructed to file complaints against every licensee who was a Japanese, and on March 5, 1942, an accusation was filed against petitioner before the board, which was, after due notice, heard before a representative of the board on March 21, 1942. On May 6, 1942, the board voted to adopt the proposed decision revoking petitioner's licenses, which decision was reduced to writing and filed on May 29, 1942.

On December 8, 1948, petitioner filed with respondent board a petition for the restoration of his licenses, which petition was rejected on December 13, 1948, and on December 29, 1948, filed with said board a petition for restoration of said licenses together with the application prescribed by law for the issuance of an Off-Sale General License, which petition and application were denied on January 6, 1949.

Additional facts will be noted hereinafter.

In arguing for a reversal of the judgment petitioner makes the following main contentions:

"I. The 'Equal Protection of the law' clause of the Fourteenth Amendment of the Constitution applies to a liquor license issued by a state.

"II. The action of the Respondent in this case was discrim-

inatory and in violation of the 'equal protection of the law' clause of the Fourteenth Amendment to the Constitution and of Rev. Stat. Sec. 1978, 8 USC 42.

"III. The admittedly discriminatory action in this case cannot be excused upon the ground that it was a valid exercise of the War Powers.

"IV. Petitioner's cause of action is not barred by the statute of limitations."

Because we have reached the conclusion that the trial court correctly determined that petitioner's application for a writ of mandate should be denied for the reason that it was barred by the statute of limitations and also because petitioner was free to pursue all his rights and remedies in California on and after January 2, 1945, we shall first discuss the fourth contention of petitioner.

In its memorandum opinion the trial court said:

"Petitioner's application for a Writ of Mandate is ordered denied for the reason that his cause of action is barred by the statute of limitations. Assuming that pursuant to the provisions of Section 354 of the Code of Civil Procedure the statute was tolled for the period of time that petitioner was by reason of the existence of a state of war under a disability to commence this action, this disability, if any, was removed at which time petitioner returned or was eligible to return to California. (Oral stipulation at hearing on February 24, 1950.)

"The greatest length of time within which he could institute his suit was four years from and after January, 1945. (Code Civ. Proc., § 343.) The present litigation was commenced on May 9, 1949, which date was more than four years after the removal of any disability which might have prevented the running of the statute."

Section 354 of the Code of Civil Procedure, referred to in the court's memorandum, as amended in 1943, provides as follows:

"When a person is, by reason of the existence of a state of war, under a disability to commence an action, the time of the continuance of such disability is not part of the period limited for the commencement of the action whether such cause of action shall have accrued prior to or during the period of such disability."

Section 343 of the Code of Civil Procedure provides as follows: "An action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued."

■ The licenses issued under the Alcoholic Beverage Act and the privileges thereunder are at all times subject to revocation for ''good cause'' under the act and the constitutional provision. As hereinbefore set forth, an accusation was filed against petitioner, due notice was given, a hearing was held, and an order was made revoking petitioner's licenses.

■ Under section 44 of the act a person whose license has been revoked may within 10 days petition for a reconsideration of the matter, and if such reconsideration is denied, he may within 30 days after final action by the board file an action for a review by the superior court. No further action was taken by petitioner after the revocation of his licenses, nor did he make application and pay the statutory fee for the renewal of said licenses prior to June 30, 1942.

■ Giving section 354, Code of Civil Procedure, its fullest effect as applied to the facts of this case and conceding that by reason of the fact that petitioner had been evacuated from California, he was under a disability to take any action during that time, it is still a fact that he was free to take such or any other necessary or appropriate legal action after January 2, 1945. He did not petition the Board of Equalization for the restoration of his licenses until December, 1948, and in the meantime legislation had been enacted, effective July 1, 1945, which limited off-sale distilled spirits licenses to 1 to 1,000 population, and, effective July 1, 1946, licenses of the two types held by petitioner were consolidated into one license known as the Off-Sale General License. ■ He did not file his petition for a writ of mandate until May 9, 1949, more than four years and four months after he was permitted to return to California. Under such circumstances respondent board was certainly entitled to set up defenses of the statute of limitations and of laches. The following language of the court in *Wittman* v. *Board of Police Commissioners*, 19 Cal. App. 229 [125 P. 265], at page 231, is quite applicable to the instant case: ''It is the dismissal from the department that really lies at the bottom of appellant's cause of action. It is this alleged wrong that he seeks to have redressed by the action of the court invoked more than three years after its commission. The denial of his right to hold a position in the police department occurred when he was formally dismissed by the board of police commissioners from the department. This dismissal occurred at a definitely fixed time, and was an unequivocal denial of his right to longer hold the position of captain of police or any other position in the department.

If his contention as to the illegality of such dismissal is well founded, he could immediately upon his dismissal have perfected his right to the remedy by mandate by making his demand for reinstatement or assignment to duty as such captain of police.

"These considerations bring the case within the rule followed and recognized in many cases, that where a right has fully accrued except for some demand to be made as a condition precedent to legal relief, which the claimant can at any time make, if he so chooses, the cause of action has accrued for the purpose of setting the statute of limitations running. (Citations:)

"Otherwise, as is pointed out in the cases above cited, he might indefinitely prolong his right to enforce his claim or right by neglecting to make the demand until it suited his convenience so to do."

We do not believe that under the factual situation hereinbefore set forth petitioner can avoid the defenses of the statute of limitations and of laches, and we are convinced that the trial court was fully justified in denying the petition for a writ of mandate. The granting of such a writ is to a certain extent a discretionary matter, and under all the circumstances of this case it cannot be held that there was an abuse of discretion on the part of the trial court.

What we have hereinbefore said makes it unnecessary to discuss the other contentions made by petitioner for our conclusion on the issues of the statute of limitations and laches is determinative of this appeal.

The judgment is affirmed.

Nourse, P. J., and Dooling, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 26, 1951.