[Civ. No. 17034. First Dist., Div. One. Jan. 22, 1957.]

MYRON E. HANSEN, Appellant, v. CIVIL SERVICE BOARD OF THE CITY OF ALAMEDA et al., Respondents.

Dickey & Dickey and James J. Phillips for Appellant.

Frank Annibale, City Attorney, for Respondents.

WOOD (Fred B.), J.—Dismissed by the city manager after serving as a city fireman for over 10 years, Myron E. Hansen appealed to the city's civil service board which after a hearing upheld the dismissal. Upon a review pursuant to section 1094.5 of the Code of Civil Procedure the superior court upheld the dismissal and Hansen has appealed.

(1) *Appellant assigns as error the asserted failure of the civil service board to make findings of fact.*

 This, a local board, is governed by the charter and ordinances of the city of Alameda and they do not require the board to make findings.\* It is not one of the agencies to which the adjudication provisions (such as Gov. Code, § 11518) of the administrative procedure act apply. (See Gov. Code, §§ 11500, 11501; *Bertch* v. *Social Welfare Dept.*, 45 Cal.2d 524, 527-529 [289 P.2d 485].)

---

\*Section 13-3 of the charter states that any member of the police or fire department who shall have been in the service of the city for three years shall, if dismissed, have the right to appeal to the Civil Service Board ''which shall have the power to hear the charges and determine the penalty. The procedure for such appeal shall be determined by the Civil Service Ordinance, or in default thereof, by the Civil Service Board.'' (Stats. 1937, ch. 86 of Res. p. 2896.)

Section 12 of the Civil Service ordinance reads as follows:

''Section 12. A permanent civil service employee may be dismissed, demoted, fined more than one month's salary, or suspended without pay for more than thirty days by the appointing power of such employee only by notice in writing specifying the penalty and served personally on such employee. Within five days after receipt of such notice the employee affected may by notice in writing demand of such appointing power, and shall be entitled to receive within five days thereafter, a statement in general terms of the causes of such dismissal, demotion, fine or suspension. Such notice shall be signed by and shall state the address of such employee.

''Within not to exceed ten days after service of such statement such employee shall have power to appeal to the Civil Service Board by filing with such board a written notice of appeal signed by him and stating the grounds on which such appeal is taken.

''At the earliest practicable date, but not more than sixty days after filing of notice of appeal, and after such notice to the employee and the appointing power as such board shall establish by rule, such board shall proceed to hear such appeal. At all such hearings the burden of proof shall be upon the appealing party.

''Subject only to the provisions of Section 13-3 of the Charter of the City of Alameda, the dismissal, demotion, fine or suspension shall be affirmed by the Civil Service Board unless it shall appear that such dismissal, demotion, fine or suspension was made or imposed for political motives or for motives other than the maintenance of efficiency, competency or discipline in the governmental service of the City of Alameda, in which case the action appealed from shall be annulled.

''The decision of the Civil Service Board on all appeals shall be final, conclusive and not subject to review. No right of appeal shall exist from fines not exceeding one month's salary or from suspensions without pay not exceeding thirty days.'' (Ordinance No. 642, N.S. adopted May 24, 1938.)

■ Appellant says that section 1094.5 of the Code of Civil Procedure, which governs the instant proceeding in mandamus, requires that the board, whose order is under·review, make specific findings of fact in writing. He refers to the statement that abuse of discretion is established if the order or decision under review ''is not supported by the findings, or the findings are not supported by the evidence'' (§ 1094.5, subd. (b)) and the statement of the circumstances under which the superior court shall, and when it shall not, weigh the evidence where ''it is claimed that the findings are not supported by the evidence'' (§ 1094.5, subd. (c)).

This does not read like a mandate that every administrative agency, state or local, must formulate specific findings of fact and record them in writing. It merely assumes, naturally, that an administrative agency makes findings of fact in the process of conducting a hearing, receiving evidence and rendering a decision. It does not lay down any formal requirements as to the making of such findings; e.g., it does not say that they need be in writing or, if in writing, that they must be separately stated.

■ Our examination of the record convinces us that the civil service board did make findings which meet all of the requirements of the applicable provisions of law. This the board did by reference to the action taken by the city manager when he dismissed appellant and stated the reasons for the dismissal.

The complaint alleged and the answer admitted that the respondent '' 'Board' notified petitioner [appellant herein] as follows: 'It was the unanimous vote of the Civil Service Board that the action of the City Manager in dismissing you from the Alameda Fire Department, effective 3 :45 p. m. September 30, 1954, be upheld.' ''†

The action of the city manager thus referred to was expressed in two letters from him to appellant, the first of which as alleged in the complaint and admitted by the answer was as follows: ''. . . [dated September 30, 1954; 3 :45 P.M.] . . . Dear Sir: It has come to my attention that under date of September 21, 1954, you were placed under. arrest by an officer of the Alameda Police Department on a charge of drunkenness.

---

†Although this was an indirect method of alleging what the board did, it is a fair inference that the parties intended this as a positive statement (not as a mere recital) and that they and the trial court so regarded and treated it.

"There is in my possession further information to the effect that you have admitted being in a state of intoxication in and about the fire houses of the City of Alameda while on duty as well as while off duty.

"This is conduct on the part of a member of the Alameda Fire Department which cannot be tolerated. It is therefore my order that you be and you are hereby dismissed from the Alameda Fire Department effective immediately by reason of your acts and conduct, which impaired the efficiency and discipline of the Department. . . . [Signed by the city manager] . . ."

The other letter from the city manager to appellant, dated October 8, 1954, read as follows: "In response to your request of October 1, 1954, received at my office by registered mail on October 4, 1954, the following is the statement of the reasons for your dismissal from the Alameda Fire Department on September 30, 1954.

"1. Your admission, made on or about September 23rd, 1954, that during the months of June and July of this year you were in the fire station to which you were assigned for duty in an intoxicated condition while on duty as well as while off duty.

"2. Your public arrest by an officer of the Alameda Police Department on or about September 21st, 1954, on a charge of drunkenness, during the course of which arrest you became violent and abusive to the extent that it was necessary for the officer initiating the arrest to call upon another member of the Alameda Police Department to subdue you and take you into custody."

The facts stated in these letters and incorporated by reference in the civil service board decision became the board's findings and thus satisfied every requirement of the law concerning administrative findings. They are very like the findings approved in *Swars* v. *Council of City of Vallejo,* 33 Cal.2d 867 [206 P.2d 355], where the city Civil Service Commission adopted a motion stating " '. . . we . . . uphold the action taken by the City Council in the adoption of Resolution 28191 N.S., dated October 10th, 1942, wherein the office of Police Sergeant held by William J. Swars is hereby declared vacant and he is hereby dismissed from the services of the City of Vallejo effective the 10th day of October, 1942.' '" (P. 870.) Of this the Supreme Court said: "The use by the commission of the words, '. . . we . . . uphold the action taken by the City Council . . .' is sufficiently clear to meet the

informal standards required of administrative agencies. A part of the action upheld was the dismissal of Swars '. . . for conduct unbecoming an officer; said misconduct consisting of unnecessarily and unmercifully beating an intoxicated person.'

"The resolution of the city council made clear to Swars and all concerned the basis for the charge of misconduct and specifically stated the facts in regard to it. The written statement of Swars shows that he was well aware of the identity of the person whom he was charged with beating. Administrative findings may be general as long as they satisfy the dual requirements of making intelligent review by the courts possible and apprising the parties of the basis for administrative action. The findings of the Civil Service Commission were sufficient to meet these tests . . ." (P. 873.)

Significant also is the holding in the Swars case that in connection with "the action of an administrative board, the fact that certain action is taken or recommendation made may raise a presumption that the existence of the necessary facts was ascertained and found." (P. 872 of 33 Cal.2d. Followed in *Miller* v. *Planning Com.*, 138 Cal.App.2d 598, 603 [292 P.2d 278]; *Bailey* v. *County of Los Angeles*, 46 Cal.2d 132, 135-136 [293 P.2d 449].)

(2) *Does the evidence support the board's findings?*

The test is whether or not the findings are supported by substantial evidence in the light of the whole record. In the case of a local board such as this the court is not authorized to exercise its independent judgment on the evidence. It does not weigh the evidence.

At the hearing before the board, Harold Hove, an attorney engaged by the City of Alameda to conduct an investigation on its behalf, testified that on September 23, 1954, the appellant stated to him that he had been drinking quite heavily during the past 30 or 60 days. The appellant during this conversation also admitted that during the months of June and July of 1954, he had been in the fire department both on duty and off duty in an intoxicated condition. Jack Fink, an inspector in the Alameda Police Department, who was present at this conversation, also testified that the appellant had admitted being intoxicated in the fire house while on duty during the two months preceding September 23, 1954. Gaetano Magliocco, a member of the Alameda Police Department, testified that on September 21, 1954, the appellant was arrested for drunkenness in front of his home. Mr.

Magliocco asked the assistance of another officer on the street to put handcuffs on the appellant. The appellant had sought the assistance of the police because he believed his daughter had been abducted. The daughter was later found cleaning the neighbor's garage.

The appellant, testifying in his own behalf, denied making the admissions that he had been in a state of intoxication in and about the fire houses, and stated that he had not been drunk around the fire house in June or July of 1954. Mr. Forrest V. Routt, Jr., secretary to the civil service board, testified that the appellant's service rating, including the one filed September 30, 1954, had been good.

Appellant claims that those facts which depend entirely upon his out-of-court admissions cannot be regarded as having been proved. His theory is that the law requires independent evidence of conduct warranting dismissal; i.e., like the corpus delicti in a criminal case (see 8 Cal.Jur. 167, Crim. Law, § 248), such conduct cannot be established by the extrajudicial admissions or confessions of the person charged.

██ But this is not a criminal case. It is an administrative proceeding, civil not criminal in nature, in which a declaration against interest is admissible as tending to prove the existence of the facts declared or admitted.

Appellant stresses the fact that performance rating made by his superior officer showed exemplary conduct. That, at most, produced a conflict in the evidence for the board, not a court, to weigh and resolve.

██ He says he was not dismissed for his drinking habits; instead, that he was dismissed for being arrested at his home for intoxication while off duty and for being in an intoxicated condition in and about the fire house during June and July, 1954, and that such conduct was insufficient support for a finding that his conduct impaired the efficiency and discipline of the fire department. We are not persuaded. We are not the trier of the facts and we can not say as a matter of law that the inferences and conclusions drawn by the civil service board were unreasonable. Moreover, there is no basis for selecting a few of the several facts proved and saying that standing alone they are insufficient. They do not stand alone. We must view all of the facts mentioned by the city manager and found by the civil service board. Viewing them as a whole, we can not say it was unreasonable or incompetent for the city manager to conclude that appellant's conduct impaired the efficiency and discipline of the department or for the civil service board to concur and confirm.

We conclude that the evidence supports the findings of the board.

(3) *Did the trial court fail to make a finding on a material fact? No.*

██ Appellant says the findings of the trial court fail to state whether or not the "acts and conduct" of appellant mentioned in the letter of dismissal did "impair the efficiency and discipline of the department."

The court, among other things, found that the allegations of certain paragraphs of the complaint (including those which set forth in haec verba the letter of dismissal and the board's notice to appellant of its action) are true; that the board affirmed the action of the city manager in dismissing appellant; and that there was substantial evidence offered and received to support the findings of the respondent board. Manifestly, that included a finding that the board, upon sufficient evidence, found that the acts and conduct described impaired the efficiency and discipline of the department.

(4) *Was the penalty excessive?*

██ Under this heading appellant presents substantially the same argument that he did in support of his contention that the evidence is insufficient to support the findings.

In view of the findings of the board and of the trial court and the evidence which supports those findings, we can not say that the dismissal from the service of the department is an excessive penalty.

██ We, of course, have no authority to determine or redetermine the penalty and find no basis for sending the cause back to the respondent board for redetermination of the penalty. (See *Bonham* v. *McConnell,* 45 Cal.2d 304 [288 P.2d 502]; *Black* v. *State Personnel Board,* 136 Cal.App.2d 904, 912 [289 P.2d 863].)

The judgment is affirmed.

Peters, P. J., and Bray, J., concurred.