[Civ. No. 23292. Second Dist., Div. One. Apr. 9, 1959.]

JOHN M. CROW, Appellant, v. THE CITY OF LYNWOOD (a Corporation) et al., Respondents.

Taylor, Sherman & Heller for Appellant.

Harney, Drummond & Dorsey and David M. Harney for Respondents.

FOURT, J.—This is an appeal from a judgment which in effect provided that the appellant had delayed beyond the statutory period the filing of his petition for a judicial review of an action of an administrative board, and that the determination of the board was final.

The appellant was employed as a policeman by the city of Lynwood. He was discharged from his job on July 26, 1956. Thereafter the personnel board of the city held certain proceedings to determine the validity of the termination of the employment of appellant. The personnel board apparently voted four to one to uphold the decision to terminate the employment of the appellant as a member of the police department of the city. The appellant contended that the proceedings held by the personnel board were invalid, and on October 4, 1956, filed a petition for writ of mandamus in the superior court (case No. Compton C-1471). An alternative writ of mandate was issued by that court directing the respondents either to reinstate the appellant as a member of the police department or to show cause why he was not so reinstated. Thereafter the personnel board conducted a public hearing on the question of termination of the employment of appellant as a policeman, and on February 25, 1957, rendered a decision wherein, in effect, the Board found that appellant was guilty of insubordination and conduct unbecoming an officer, and ordered that the discharge of appellant be affirmed. It, was stipulated that the decision of the personnel board was mailed to the appellant on February 25, 1957, and was received by him on February 26, 1957.

Thereafter, the defendants in superior court case Number Compton C-1471 responded in court and the writ of mandamus theretofore issued was discharged. Notice of that ruling of the court was served upon the appellant's attorneys on April 1, 1957.

On April 30, 1957, the appellant filed the within proceeding denominated a ''Petition for Writ of Certiorarified Mandamus and Administrative Mandamus.'' The prayer of the petition reads as follows:

''Wherefore, plaintiff prays that a Certiorarified Writ of Mandamus and an Administrative Writ of Mandamus be granted and issued out of and under the Seal of this Honorable Court directed to the defendants above named, commanding them to certify and return all papers, petitions, complaints, charges, specifications, notices of examinations, proceedings, testimony, findings and conclusions of the defendant Personnel Board, and decision of said Personnel Board upholding the termination of employment of plaintiff and affirming the decision of defendant, Ralph E. Darton, as Chief of Police of the City of Lynwood, dismissing plaintiff from the Police Department of the City of Lynwood, and that the above-entitled court may review said decision of defendant Personnel Board of the City of Lynwood affirming the discharge of plaintiff as the member of the Police Department of the City of Lynwood, and grant plaintiff a trial de novo, reinstate plaintiff as a member of the Police Department of the City of Lynwood and said reinstatement be as of July 26, 1956, and that defendants pay plaintiff's salary from said date; that plaintiff be awarded costs of suit incurred herein; and such other and further relief as plaintff may be entitled to and may be mete and proper in the premises.''

An answer to the petition so filed was made, and among other defenses, the respondents affirmatively alleged that the petition was barred by the provisions of section 11523 of the Government Code in that the petition had not been properly filed within the time prescribed by law. There was no demurrer by the appellant to the affirmative defense, nor was there any motion to strike the same. The matter was then set for hearing for October 11, 1957, and apparently, at the request of respondents, the issue of the affirmative defense of the statute of limitations was heard first.

The respondents set forth in their brief the following:

''. . . the matter of said special defense was tried in the above-entitled matter and at said trial of said special defense Respondents urged that the above-entitled matter was filed pursuant to the Administrative Mandamus Procedure set forth in the Government Code and Appellant did not deny that he had filed the within action pursuant to said Government Code provisions.''

After oral argument the parties were given the opportunity to submit the matter on briefs, and thereafter on February 7, 1958, the trial court made findings of fact and conclusions of law wherein the court found and concluded that the petition of the appellant was for a "Writ of Certiorarified Mandamus and Administrative Mandamus;" that section 11523 of the Government Code provides that a petition for a writ of mandamus must be filed within 30 days after the time for reconsideration within the administrative agency has elapsed; that the time for reconsideration is 30 days after the original decision is mailed; that plaintiff had 60 days from and after February 26, 1957, within which to file the instant proceedings by way of petition for certiorarified and administrative mandamus; plaintiff did not file the instant proceedings by way of petition for writ of certiorarified and administrative mandamus until April 30, 1957, which was beyond the period of limitations prescribed by law; the provisions of Government Code, section 11523, are mandatory, which conclusion was admitted by counsel for plaintiff at said hearing of October 11, 1957. The court then made and entered judgment in favor of the respondents.

The appellant did not object to the findings of fact or conclusions of law, and evidently made no request to file and did not submit any findings other than those which the judge signed.

The appellant now asserts that the trial court erred in (1) holding that section 11523 of the Government Code applied in the instant case, and (2) in holding that appellant failed to file the petition for "writ of certiorarified mandamus and administrative mandamus" within the time prescribed by law.

First of all, we have been unable to find any writ in any code designated a "Writ of Certiorarified Mandamus." Apparently, the phrase was first used by B. E. Witkin in a series of lectures in 1949, and later was used by Ralph N. Kleps in an excellent law review article in 2 Stanford Law Review 285 (February, 1950).

It is obvious, however, from a reading of the petition that appellant filed the same pursuant to, and had in mind, the provisions of the Government Code relating to administrative mandamus proceedings, and as heretofore pointed out, he did not deny that such was the case before the trial court, and no statements have been made to this court to the contrary.

Section 11523, Government Code, provides in part as follows:

"Judicial review may be had by filing a petition for a writ of mandate in accordance with the provisions of the Code of Civil Procedure. Except as otherwise provided in this section any such petition shall be filed within 30 days after the last day on which reconsideration can be ordered. The right to petition shall not be affected by the failure to seek reconsideration before the agency. The complete record of the proceedings, or such parts thereof as are designated by the petitioner, shall be prepared by the agency and shall be delivered to petitioner, within 30 days after a request therefor by him, upon the payment of the fee specified in Section 69950 of the Government Code as now or hereinafter amended for the transcript, the cost of preparation of other portions of the record and for certification thereof. The complete record includes the pleadings, all notices and orders issued by the agency, any proposed decision by a hearing officer, the final decision, a transcript of all proceedings, the exhibits admitted or rejected, the written evidence and any other papers in the case." Appellant insists that the section pertains only to those boards and agencies enumerated in section 11501, Government Code, which includes certain state agencies.

Section 11500, Government Code, provides in part however that "(a) 'Agency' includes the state boards, commissions and officers enumerated in Section 11501 *and those to which this chapter is made applicable by law,* . . ." (Emphasis added.)

In other words, it appears to be appellant's contention that because the Legislature did not include a local agency, such as the Personnel Board of the City of Lynwood, in section 11500 by name that it was therefore not intended that section 11523 would apply in a case such as the one before us.

The appellant, under the circumstances of this case, cannot, for the first time on appeal, contend that he was not proceeding pursuant to the Government Code provisions. He had the respondents' answer for some five months before the date of the hearing, in October, 1957, and did nothing to indicate that he was not proceeding under such provisions; in addition thereto, he led the trial court to believe that he was proceeding under such provisions. For him now to contend that he was not so proceeding is unfair to the trial court and to the respondents who have conducted two lengthy hearings,

each resulting in an affirmation of the discharge of appellant as a policeman.

Appellant having filed his petition under the Government Code provisions, and having proceeded accordingly thereafter, as heretofore indicated, is now bound, we believe, by the limitations period prescribed in the Government Code, section 11523.

There is a dearth of authority on the point. Respondent has cited the case of *Temescal Water Co.* v. *Department of Public Works,* 44 Cal.2d 90, wherein it is said, at pages 100-101 [280 P.2d 1]:

"The appellants argue that the statute can apply only to the agencies enumerated in the Administrative Procedure Act (Gov. Code, tit. 2, div. 3, chaps. 4 and 5), to local boards or agencies or to state-wide administrative agencies which have complied voluntarily with the act. However, although specific provision is made for the use of the writ to review the proceedings of the particular agencies specified by the Legislature (Gov. Code, § 11523), the remedy is not limited to review of the decisions of those agencies or to agencies having formally adopted the procedure required of those mentioned in the act. The framers of section 1094.5 intended it to set forth 'the procedure by which judicial review can be had by the writ of mandate after a formal adjudicatory decision by *any* administrative agency.' (Emphasis added; see Tenth Biennial Report of the Judicial Council of California, Appendix A, p. 45.) The decisive question is whether the agency exercises an adjudicatory function in considering facts presented in an administrative hearing. As noted in *Boren* v. *State Personnel Board,* 37 Cal.2d 634 [234 P.2d 981], a case involving an agency not included within the Administrative Procedure Act but having functions specified by constitutional provisions, '[s]ince the enactment of section 1094.5 of the Code of Civil Procedure, it is no longer open to question that in this state the writ of mandamus is appropriate "for the purpose of inquiring into the validity of any final administrative order or decision made as a result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken and discretion in the determination of facts is vested in the inferior tribunal, corporation, board or officer. . . ." ' (P. 637.)"

It appears to this court that the filing of the petition, denominated a petition for "writ of certiorarified mandamus and administrative mandamus," was intended to be a petition

for a writ of mandamus under the 1945 Administrative Procedure Act, and that it was not filed within the time prescribed after the effective date of the administrative decision.

 Appellant's last contention is to the effect that the pendency of the former writ of mandamus proceeding in fact tolled the statute of limitations provided for in Government Code, section 11523. The remedy of the appellant under the first mandamus proceeding, in the event the board refused or neglected to obey the order of the court, was to proceed under section 1097, Code of Civil Procedure, and have the court impose a fine; or, in the event of persistent refusal, to imprison the members of the board until the writ was obeyed. In the instant case the writ was obeyed, the board conducted a hearing and made its decision and notified the appellant of the result of such hearing. The parties stipulated as to the date the appellant received a copy of that decision, and no petition to the court was filed within the time prescribed by statute. Appellant has failed to cite to us any authority to the effect that the pendency of the previous mandamus action tolls the period of limitations provided in Government Code, section 11523. Furthermore, the two proceedings were entirely different and separate from each other. We see no merit to the contention.

The judgment is affirmed.

White, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied May 5, 1959, and appellant's petition for a hearing by the Supreme Court was denied June 3, 1959.