[Civ. No. 21033. First Dist., Div. One. Oct. 7, 1963.]

GEORGE H. ALLEN, Plaintiff and Appellant, v. HUM-BOLDT COUNTY BOARD OF SUPERVISORS et al., Defendants and Respondents.

Rader & Truitt and Richard E. Rader for Plaintiff and Appellant.

Thomas M. Montgomery, County Counsel, John D. Cook, Assistant County Counsel, and Edward V. Marouk for Defendants and Respondents.

SULLIVAN, J.—George H. Allen appeals from a judgment denying his petition "for writ of mandate or writ of review" seeking to compel respondents Humboldt County Board of Supervisors and Humboldt County Planning Commission[1] to revoke and annul the granting to respondent A. G. Brisack of a variance from the provisions of a county zoning ordinance.

The basic facts are not in dispute. Appellant Allen is the owner and occupant of certain real property located in an area zoned as R-1A, a combination of one family residential and agricultural. Respondent Brisack owns 20 acres of land near the center of such R-1A zone and in the immediate vicinity of appellant's property. On October 4, 1961, at Brisack's request, the Planning Commission granted him a variance for the construction of a trailer park on his 20-acre

---

[1]For brevity, hereafter referred to as Board of Supervisors and Planning Commission, respectively.

tract.[2] On October 24, 1961, appellant and sixty or more persons residing within the above-mentioned R-1A zone, acting pursuant to county ordinance No. 333, appealed to the Board of Supervisors, asking that the decision of the Planning Commission be overruled.[3] The Board of Supervisors denied such appeal on November 7, 1961.

A little more than four months thereafter and on March 12, 1962, appellant, on his own behalf and on behalf of more than sixty other families[4] owning real property in the above R-1A zone, filed the instant petition in the court below. The petition alleged in substance the foregoing background facts and further asserted that the granting of the variance was not warranted by the facts, was illegal, unjust, arbitrary, capricious, unauthorized and contrary to section 3.22 of ordinance No. 333 and was violative of sections 65800-65853 (particularly of § 65853, subds. (b) (1) and (b) (2)) of the Government Code. With his petition, appellant filed in the court below a reporter's transcript of the proceedings had at the hearing before the Planning Commission on September 27, 1961, upon which hearing the commission based its subsequent decision of October 4, 1961, granting the variance. The prayer of the petition was for the following relief: (1) The issuance of an alternative writ of mandate or a writ of review cancelling and revoking the variance; (2) the issuance of a preliminary stay of the variance; and (3) the issuance of a preliminary injunction enjoining construction of the

[2]More specifically, the Planning Commission granted the variance from the requirements of county ordinance No. 333 (adopting a zoning enabling plan for the county) and ordinance No. 409 (establishing the R-1A zone for the area in question).

[3]Section 3.22 of ordinance No. 333 provides that ''[t]he Planning Commission, subject to the approval and conformation of the Board of Supervisors ... shall have power to grant ... variances ...,'' requires a written application therefor, a public hearing thereon, and the giving of public notice of such hearing. The section thereupon provides that: ''The Commission shall make its decision upon the said application and shall report such decision to the Board of Supervisors within forty-five (45) days after the filing of the application.

''Any person who is dissatisfied with any decision or ruling of the Planning Commission may within thirty (30) days after the date of such decision or ruling appeal therefrom in writing to the Board of Supervisors, who shall have power to over-rule such decision or ruling.''

[4]Obviously a reference to the ''sixty or more *persons*'' who appealed to the Board of Supervisors. We do not consider this slight variation (persons to families) of any consequence.

trailer park pending judgment on the petition. The answer of respondent Brisack, in addition to denying any invalidity in the variance, raised affirmative defenses of the statute of limitations, laches and estoppel.

After a separate trial on the affirmative defenses, the trial court found that the petition was filed more than four months after the denial of the appeal by the Board of Supervisors and concluded that, under the provisions of section 1094.5 of the Code of Civil Procedure and section 11523 of the Government Code,[5] the petition had to be filed within 30 days "after the last day on which reconsideration by the agency could be ordered" and that the action was therefore barred. Judgment was rendered accordingly. This appeal followed.[6]

Appellant contends that the Administrative Procedure Act has no application to the case before us and that under section 343 of the Code of Civil Procedure, made applicable by section 1109 of the Code of Civil Procedure,[7] the period prescribed for the commencement of the instant action was

---

[5]Government Code section 11523, found in the Administrative Procedure Act (Gov. Code, §§ 11370-11528) provides in relevant part that judicial review of administrative adjudications "may be had by filing a petition for a writ of mandate in accordance with the provisions of the Code of Civil Procedure. Except as otherwise provided in this section any such petition shall be filed within 30 days after the last day on which reconsideration can be ordered."

In its memorandum of decision, the court below stated that the instant proceeding was one "authorized by and instituted under the Administrative Procedure Act to which C.C.P. 1094.5 applies as the rules of procedure" and that the "petition not having been filed within 30 days after the last day on which reconsideration could have been ordered, the court concludes that the period of limitation set forth in section 11523 of the Government Code is a bar to this action."

The court also stated that it was "also of the opinion that the defenses of laches and estoppel are not established by the evidence" but notably made no findings on these last two affirmative defenses.

In the judgment the court ordered that "the Petition ... is barred by the period of limitations. ..."

[6]All three respondents have joined in a single brief on appeal.

[7]Code of Civil Procedure section 1109, found in title I of part III of said code dealing with the writs of review, mandate and prohibition, provides as follows: "Except as otherwise provided in this title, the provisions of part two of this code are applicable to and constitute the rules of practice in the proceedings mentioned in this title."

Code of Civil Procedure section 343 found in part II of said code provides as follows: "An action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued."

four years "after the decision of the agency." The single question, therefore, presented to us for decision is whether the instant proceeding was required to be commenced within the 30-day period prescribed by Government Code section 11523 or within the four-year period prescribed by Code of Civil Procedure section 343.

In raising this narrow issue before us, the parties appear to take the position that if the granting of the variance is to be judicially reviewed at all, such review must be had by administrative mandamus. (Code Civ. Proc., § 1094.5.)[8] Although, as we have pointed out, appellant's petition in the court below sought either a writ of mandate or a writ of review, no issue has been raised here on the granting of a writ of review and the briefs of the parties are silent on that aspect of the instant petition. Indeed the instant record discloses that the parties confined themselves in the court below to the question whether or not a writ of mandate would issue and apparently advanced no contentions relating to the issuance of a writ of review.

▮ The county Planning Commission, in hearing and making its decision upon respondent Brisack's application for a variance, was a local board or agency exercising judicial or quasi-judicial powers under the county zoning ordinance. (*Livingston Rock & Gravel Co.* v. *County of Los Angeles* (1954) 43 Cal.2d 121, 128 [272 P.2d 4]; *North Side Property Owners' Assn.* v. *Hillside Memorial Park* (1945) 70 Cal.App.2d 609, 616 [161 P.2d 618]; *Greif* v. *Dullea* (1944) 66 Cal.App.2d 986, 1009 [153 P.2d 581]; *Cantrell* v. *Board of Supervisors* (1948) 87 Cal.App.2d 471, 474-475 [197 P.2d 218]; see 5 U.C.L.A. L.Rev. 179, 181-182.) Where a local board exercises quasi-judicial powers, either certiorari or mandamus is an appropriate remedy to review its action

---

[8]We note some deviation from this position. Appellant advised us on oral argument that he assumed but did not fully concede that section 1094.5 applied. This is similar to his position before the trial court where he asserted that his remedy was pursued under Code of Civil Procedure section 1085. Respondents Planning Commission and Board of Supervisors, although joining with respondent Brisack in a single brief urging that Code of Civil Procedure section 1094.5 is applicable, advise us by letter that the record does not reflect a proceeding falling within section 1094.5 and assert that the proceedings being legislative in nature were not within the section under the ruling in *Steiger* v. *Board of Supervisors* (1956) 143 Cal.App.2d 352 [300 P.2d 210]. We will dispose of both of these arguments hereafter.

and test the proper exercise by it of the discretion with which it is invested. (*Walker* v. *City of San Gabriel* (1942) 20 Cal.2d 879, 881 [129 P.2d 349, 142 A.L.R. 1383]; *La Prade* v. *Department of Water & Power* (1945) 27 Cal.2d 47, 53 [162 P.2d 13]; *Livingston Rock & Gravel Co.* v. *County of Los Angeles, supra;* 3 Witkin, Cal. Procedure, p. 2485.) ▇ Such use of the writ of mandate to review administrative action invokes the remedy of "administrative mandamus" pursuant to Code of Civil Procedure section 1094.5 rather than the traditional action in mandamus under Code of Civil Procedure section 1085. (*Triangle Ranch, Inc.* v. *Union Oil Co.* (1955) 135 Cal.App.2d 428, 436 [287 P.2d 537]; 2 Cal.Jur.2d 324-326, 340; see 2 Stan.L.Rev. 285; 12 Stan.L.Rev. 554.)[9] ▇ Although the Administrative Procedure Act provides for the use of the writ of mandate to review the proceedings of certain administrative agencies specified therein (Gov. Code, § 11523), the remedy of administrative mandamus and the procedure relative to it prescribed by Code of Civil Procedure section 1094.5 are not limited to agencies enumerated in the Administrative Procedure Act or those adopting the procedure of the act, but are applicable to any administrative agency. (*Temescal Water Co.* v. *Department of Public Works* (1955) 44 Cal.2d 90, 100-101 [280 P.2d 1].) In short, section 1094.5 is applicable to both statewide and local administrative agencies.

▇ However, it does not necessarily follow that all agencies whose adjudicatory actions are reviewable by administrative mandamus fall within and are governed by the Administrative Procedure Act, including those provisions thereof requiring the filing of a petition for writ of mandate within the 30-day period prescribed by Government Code sec-

[9] "Although administrative mandamus was created by the courts to meet the need for judicial review of state-wide agencies, where certiorari had been ruled out, it is now a recognized alternate in fields where certiorari is still available. This means that administrative mandamus will lie to review the 'normal quasi-judicial power' of local administrative agencies, as well as the 'limited quasi-judicial power' of state-wide agencies. It has also been settled that constitutionally authorized state-wide agencies, which may exercise normal quasi-judicial power and whose decisions are reviewable by certiorari, are subject as well to administrative mandamus. The cases decided in the past decade make it apparent that administrative mandamus has nearly superseded the older remedy completely in these areas where both writs can be used." (Kleps, *Certiorarified Mandamus Reviewed*, 12 Stan.L.Rev., 554, 555-556.)

tion 11523. The Administrative Procedure Act applies only to those state agencies enumerated therein and does not apply to local agencies. (Gov. Code, §§ 11500, subd. (a), 11501; *Hansen* v. *Civil Service Board* (1957) 147 Cal.App.2d 732, 734 [305 P.2d 1012]; *Henry George School of Social Science* v. *San Diego Unified School Dist.* (1960) 183 Cal. App.2d 82, 85-86 [6 Cal.Rptr. 661].) Indeed the act nowhere states or even implies that it covers all state administrative agencies. (See *Chas. L. Harney, Inc.* v. *State of California* (1963) 217 Cal.App.2d 77, 98-99, fn 16 [31 Cal.Rptr. 524]. While there is some language in *Temescal Water Co.* v. *Department of Public Works, supra,* 44 Cal.2d 90, 100-101, indicating that the act may be applicable as well to other agencies which have voluntarily complied with it or formally adopted it, the parties agree, and indeed so stipulated in the court below, that there was no adoption of the Administrative Procedure Act either by the Planning Commission or the Board of Supervisors. We therefore conclude that the provisions of the act do not govern the proceedings here under review and that appellant's petition for a writ of mandate was not subject to the requirement of the act that "such petition shall be filed within 30 days after the last day on which reconsideration can be ordered." (Gov. Code, § 11523.)

In support of its position that the 30-day period of limitation prescribed by Government Code section 11523 is here applicable, respondents rely on *Crow* v. *City of Lynwood* (1959) 169 Cal.App.2d 461 [337 P.2d 919] and *Housing Authority* v. *City Council* (1962) 208 Cal.App.2d 599 [25 Cal.Rptr. 493]. *Crow* involved a proceeding in mandamus to review the dismissal of a city employee by a city personnel board. It was there held that since the petitioner sought a writ of mandate pursuant to, and at all times proceeded in the trial court under, the provisions of the Government Code, he could not contend otherwise for the first time on appeal and was therefore bound by the 30-day period of limitation prescribed in Government Code section 11523. Contrary to respondents' interpretation of the case, we do not think that the court in *Crow* announced a rule of law that section 11523 governed all local agencies. The rationale of the court seems to have been *not* that the statute was applicable but that the petitioner-appellant was foreclosed from urging for the first time on appeal that it was inapplicable. *Housing Authority* involved a proceeding in mandamus to compel the

reinstatement of housing commissioners by a city council. Respondents seek support in the following language of the opinion: "Government Code section 11523 states that mandate is the proper procedure as to administrative adjudications." (P. 608.) Apparently the point attempted to be made is that, in the above language, the court was holding that section 11523, and thus the 30-day period of limitation prescribed therein, applied to the city council, respondent therein. It is not clear to us that the sentence quoted above is susceptible of such a conclusion. But, beyond that, a reading of the *Housing Authority* case convinces us that no problem of the statute of limitatons was involved and that the applicability of the Administrative Procedure Act was actually not in issue. We are not persuaded that either of the foregoing cases should be followed in the case at bench.

 Since, as we have concluded, the 30-day period of limitation is inapplicable in the instant case, what, if any, statute of limitation governs? Although it has been said that proceedings for a writ of certiorari are not subject to statutes of limitation (*Estate of Glassgold* (1950) 97 Cal.App.2d 859, 863 [218 P.2d 1016]; 10 Cal.Jur.2d 123) the rule is settled that a proceeding in mandamus is subject to statutes of limitation, the applicable statute and period of limitation being determined by the nature of the right asserted. (*Barnes* v. *Glide* (1897) 117 Cal. 1 [48 P. 804, 59 Am.St.Rep. 153]; 1 Witkin, Cal., Procedure, p. 665.) The basis for the foregoing rule is that Code of Civil Procedure section 1109 which, as we have pointed out (see footnote 7, *ante*), is found in that portion of the code dealing with the special proceedings of certiorari, mandamus and prohibition, declares that "[e]xcept as otherwise provided in this title" all the provisions of part II of said code (§§ 307-1062a) are applicable to and constitute the rules of practice in such special proceedings. Included among the above sections comprising part II are sections 312-363 governing the time of commencing civil actions. All of this is further confirmed by Code of Civil Procedure section 363 which provides that "[t]he word 'action' as used in this title is to be construed, whenever it is necessary so to do, as including a special proceeding of a civil nature."

 We conclude, therefore, that the instant petition for a writ of mandate is subject to the statutes of limitations prescribing the time for the commencement of civil actions and that while the right involved does not fall within the

compass of any specific statute of limitation, the proceeding before us must be subject to the provisions of Code of Civil Procedure section 343 which states that an action for relief "not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued." (*W. R. Grace & Co.* v. *California Employment Com.* (1944) 24 Cal.2d 720, 728 [151 P.2d 215]; *Taketa* v. *State Board of Equalization* (1951) 104 Cal.App.2d 455, 458 [231 P.2d 873].) In the case at bench, the Board of Supervisors denied appellant's appeal from the granting of the variance on November 7, 1961. The petition for the writ was filed on March 12, 1962, approximately four months later and well within the applicable four-year period of limitations. The record does not disclose any determination by the trial court that there was any laches on appellant's part.

Respondents argue that all petitions for administrative mandamus whether they seek to review the action of state or local agencies must be subject to the 30-day period of limitations prescribed by Government Code section 11523 and that to apply a four-year period of limitations in situations like the present one would be to defeat prompt and timely review and cause the rights of litigants to remain in a state of uncertainty for long periods of time. Whatever may be the advantages of a shorter period of limitations, we do not believe they would justify us in holding that the Administrative Procedure Act covers administrative agencies clearly not within its ambit. If therefore, in the case of local agencies, the applicable periods of limitation for the seeking of a writ of mandate are excessive and accordingly obstruct the prompt and clear determination of the rights of litigants, the taking of any corrective measures must remain a matter for the Legislature rather than the courts.

The judgment is reversed.

Bray, P. J., and Molinari, J., concurred.