[Civ. No. 22580.   First Dist., Div. Three.   Mar. 28, 1966.]

GEORGE H. ALLEN, Plaintiff and Appellant, v. HUM-
BOLDT COUNTY BOARD OF SUPERVISORS et al.,
Defendants and Respondents.

Rader & Truitt and Richard E. Rader for Plaintiff and
Appellant.

Thomas M. Montgomery, County Counsel, John D. Cook,
Assistant County Counsel, William J. Losh, Jr., Deputy
County Counsel, and Edward V. Marouk for Defendants and
Respondents.

DEVINE, J.—The question is whether a planning commis-
sion exceeded its jurisdiction in granting a variance from a
zoning ordinance to allow land which is zoned R-1-A, for resi-

dential use and light agricultural use, to be used as a mobile home park.

## General Statement of Facts

The property for which the variance at issue was approved is a 20-acre tract of land owned by respondent A. G. Brisack, and located in the Azalea Hill district of Humboldt County. This is a rural residential area populated largely by members of the faculty of Humboldt State College. Before June 21, 1961, the area was unzoned.

About April 10, 1961, respondent Brisack began preparations to convert his 20-acre plot into a trailer park. He hired an engineer, Beed. Beed's job was to prepare plans; he surveyed the territory, ran contour lines, and laid out terraces. Beed estimated that he performed about $3,500 worth of work. Brisack himself graded and leveled the terrain, effecting, according to his testimony, a significant change in the profile of the land for his specific program. At some point during these preparations Brisack consulted the Secretary of the Humboldt County Planning Commission, McCutcheon, in order to check on the propriety of his plans. McCutcheon indicated that Brisack should feel free to go ahead. The preparations begun by Brisack continued without hindrance until the first part of June 1961. About June 9, 1961, the residents of Azalea Hill circulated a petition to have the area zoned exclusively for residential use. Brisack was aware of the petition.

A few days after the petition had commenced to circulate, on June 13, 1961, Brisack filed an application with the State of California for a permit to build a trailer park. The permit was issued on June 16, 1961. In response to the residents' petition, Humboldt County, on June 21, 1961, enacted an interim ordinance zoning the Azalea Hill area, including the Brisack property, single-family residential. This interim zoning became permanent with the enactment, on September 12, 1961, of county ordinance No. 409, which made the Azalea Hill area a single-family residential, light agricultural zone.

In order to continue with his project, Brisack sought a variance from the county planning commission. The commission held a public hearing on the matter on September 27, 1961. Counsel for appellant directed testimony to the question whether the Brisack property was suitable for use for a single-family residence. Two witnesses, Morningstar and Jones, both of whom spoke in favor of the variance, admitted on cross-examination that the property was not unusable as a single-

family residence. Brisack himself admitted that he was then occupying the premises as his private residence. Mrs. Brisack, the owner's wife, testified that the tract could not be used for subdivision because the then existing 25-foot access road was not sufficient access for the county's requirement of a 40-foot road. The chairman of the planning commission said that Mrs. Brisack was correct and that the county indeed would not permit subdivision where the access road was less than 40 feet. A Mr. Cargill stated that the Brisacks would have significant difficulty getting a 40-foot right-of-way because of the antagonistic feeling toward them in the community.

The planning commission granted the variance on October 4, 1961, and on appeal the board of supervisors sustained the grant. The superior court denied writ of mandate to annul the variance. There was an earlier appeal on limitations matters, *Allen* v. *Humboldt County Board of Supervisors*, 220 Cal.App. 2d 877 [34 Cal.Rptr. 232], in which it was held that appellant is not barred. This appeal is on the merits. Plaintiff represents himself and some 60 other property owners.

The crux of appellant's argument is this: Variance can be granted legally only if the petitioner for it can show that he is deprived of privileges enjoyed by the surrounding properties; but Brisack may enjoy, under strict application of the zoning ordinance, the same privileges, home and light agricultural use, as other owners. The variance constitutes a special privilege inconsistent with limitations on other properties within the zone.

## Applicable Law

The parties differ as to which provision of law is applicable. Appellant contends that section 65853, subdivision (b) of the Government Code applies. At the time of trial,[1] this section read: "The board . . . may hear and decide: . . . (b) Applications for variances from the terms of the zoning ordinance when the following circumstances are found to apply: (1) That any variance granted shall be subject to such conditions as will assure that the adjustment thereby authorized shall not constitute a grant of special privilege inconsistent with the limitations upon other properties in the vicinity and zone in which subject property is situate. (2) That because of special circumstances applicable to subject property, including size, shape, topography, location or surroundings, the strict appli-

---

[1]In 1965 the Planning and Zoning Law (Stats. 1965, ch. 1880) made substantial changes. Section 65853 was repealed.

cation of the zoning ordinance is found to deprive subject property of privileges enjoyed by other properties in the vicinity and under identical zone classification.''

Respondents contend that Humboldt County ordinance No. 333, section 3.22 applies. It reads: ''The Planning Commission, subject to the approval and confirmation of the Board of Supervisors in each case, as hereinafter provided, shall have power to grant adjustments, variances and exceptions in and to any of the provisions of this Ordinance to the extent of the following and no further: (1) To vary or modify the strict application of any of the regulations or provisions contained in this Ordinance in cases in which there are practical difficulties or unnecessary hardships in the way of such strict application.'' Section 65851 of the Government Code, at the time of trial, read: ''The provisions of this article as to the powers and duties of either the board of adjustment or zoning administrator apply only insofar as not in conflict with the provisions of any local ordinance.''

It will be observed that the county ordinance is somewhat more liberal towards variances, because it refers merely to ''practical difficulties or unnecessary hardships,'' while the statute (§ 65853) refers to deprivation of privileges which would result from special conditions or exceptional characteristics of the property.

We need not decide whether the county ordinance or section 65853 was applicable, because we believe that the result in this case must be the same under either law. The trial judge found the allowed variance justifiable under both. It is doubtful that the variance would have been allowable under the county ordinance by reason of purely personal difficulty or hardship, as, for example, lack of funds. A considerable connection of the difficulty or hardship with the parcel of land as compared with its surroundings probably would be necessary. (See Gaylord, *Zoning: Variances, Exceptions and Conditional Use Permits in California,* 5 U.C.L.A. L.Rev. 179, 189-190; 8 McQuillin, Municipal Corporations (3d ed.) § 25.166, p. 535.) On the other hand, if the Government Code be deemed applicable, the history of the acquisition of the land as related to the creation of the zoning, the development proposals by the owner and other circumstances must be taken into account, along with the physical characteristics of the parcel.

## Special Conditions and Exceptional
## Characteristics of the Property

Considering not only the physical characteristics of the subject property, but also its surroundings and the history of the zoned area, we find a combination of elements which are sufficient to sustain the decision of the planning commission, the board of supervisors and the superior court. The elements are: (1) The owner Brisack personally altered the contour of his land before the zoning ordinance was passed. (2) The owner had spent some $3,500 for plans. (3) The secretary of the planning commission had encouraged the owner to proceed. (4) Although a 20-acre parcel could be used for a single dwelling, apparently this is far in excess of the area of other lots in the zone. (We have not been supplied with the area of the other lots. There are references in the transcript to 5,000 square feet per lot and to half-acre lots.) Eight hundred seventy-one thousand two hundred square feet surely are not to be regarded as an ordinary residential lot, even if some light agricultural use is to surround it. The 20-acre parcel could not be used as a subdivision without enlarging of the access road, and this enlargement probably could not be obtained, according to evidence produced at the hearing. (5) There are timber and brush at places adjacent to the property. The record does not disclose the details. (6) Brisack bought the property for making a livelihood and investigated it thoroughly before the zoning. (7) When those residents who purchased before June 21, 1961, made their purchases, they bought unzoned property.

The above elements include some which make the parcel of land itself unique among all parcels in the area; for example, its size, a factor specifically mentioned in former section 65853. We do not accept appellant's argument that because the parcel is not physically unusable as a homesite, variance cannot be permitted. It might be usable as a homesite if it were 10 or 20 times as large as it is, in the sense that a home could be built on such a huge area. A more realistic view is to regard the size in connection with practicable uses. The elements listed above also include some which have to do with the history of the beginnings of the zoning and of respondents' actions, which we deem relevant. It is not necessary for us to say whether any single element or any particular group less than the whole would suffice. The aggregation of elements does suffice.

It is true that without the variance Brisack would enjoy the privilege of using his outsize lot for a homesite, and in this sense would not be deprived of privileges enjoyed by others. But the others have their lots, presumably (the record, as stated, being meager), tailored to a fair size. Nor, under the evidence supporting the judgment, is Brisack's land reducible to smaller parcels by subdividing. Thus, he does not, without the variance, have the same privileges as others within the zone.[2] Conversely, the grant does not as a matter of law give him a special privilege that is inconsistent with limitations on other properties in the zone, because the other properties are not of the same large area. None of the property owners represented by plaintiff, we take it, could possibly use his property as a mobile-home tract because the parcel would be too small. To "freeze" Brisack's large parcel would be advantageous to the other owners, but it would cause a special deprivation to him.

### Discretion of Administrative Agencies

■ The granting of a variance is an administrative or quasi-judicial function. (*Kappadahl* v. *Alcan Pacific Co.*, 222 Cal.App.2d 626, 634 [35 Cal.Rptr. 354].) The two administrative bodies which have considered the present matter, the planning commission and the board of supervisors, have agreed upon the variance. The superior court has denied writ of mandate. ■ The granting or denying of a variance rests primarily in the discretion of the body designated by ordinance or statute, and its decision will not be disturbed by the courts in the absence of a clear and convincing showing of an abuse of discretion. (*Siller* v. *Board of Supervisors, supra,* 58 Cal.2d 479, 484; *Flagstad* v. *City of San Mateo,* 156 Cal. App.2d 138, 140, 141 [318 P.2d 825].) Gaylord, in the article referred to above (5 U.C.L.A. L. Rev. 179, 182), states that in no reported case has a variance been disallowed. Counsel's research and our own has revealed no case disallowing a variance since publication of the Gaylord article in 1958.

In the cases cited by appellant, *City of San Marino* v. *Roman Catholic Archbishop of Los Angeles,* 180 Cal.App.2d 657 [4 Cal.Rptr. 547], and *Minney* v. *City of Azusa,* 164 Cal. App.2d 12 [330 P.2d 255], judgments sustaining denial of

---

[2]At the hearing, something was said about the possibility of Brisack's cutting his lot into four residential sites, without coming under the subdivision statute. But the point was not made in the briefs, either in the trial or here. Of course, even so, the lots, if of equal size, would be over 200,000 square feet each.

variances were affirmed; in each of these cases the hardship asserted by the petitioner for variance had been self-induced, the petitioner relying on the hope that variance would be granted following petitioner's violation of the zoning ordinance. In the case before us, Brisack's actions in preparing the property for the mobile-home park were done before the zoning ordinance was passed.

Judgment affirmed.

Draper, P. J., and Salsman, J., concurred.

A petition for a rehearing was denied April 27, 1966, and appellant's petition for a hearing by the Supreme Court was denied May 25, 1966.